NORTHWESTERN MOTOR CAR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20585.   Promulgated April 8, 1929.

*Maurice Weinstein, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

## OPINION.

TRUSSELL: In respect to the first issue it is insisted by petitioner that the Ford agency contract was the personal property of Snetcamp and Bodenhagen and was not a part of the assets transferred to petitioner on organization in exchange for all of its $5,000 of authorized capital stock, and although the petitioner enjoyed the privileges of the contract from that time until June, 1918, it was still the property of these two individuals and was exchanged by them at that time for the additional $45,000 of stock issued. It is insisted that the contract is a tangible asset which had a value of $45,000 in 1918, and is subject to inclusion in invested capital in that amount.

We need not consider the value of this asset nor the question as to whether it is tangible or intangible, for the record shows it to have been acquired without cost by Snetcamp and Bodenhagen and to have been assigned by them to petitioner subsequent to March 3, 1917, in exchange for $45,000 of petitioner's total authorized capital stock of $50,000, and consequently barred from inclusion in invested capital in any amount by the limitation of sections 331 of the Revenue Acts of 1918 and 1921.

In respect to the action of respondent in excluding from invested capital of these affiliated companies the unpaid balances of non-interest-bearing demand notes given in exchange for stock, petitioner insists that the Wisconsin statutes do not prohibit the issuance of stock in exchange for promissory notes and that the notes had an actual value as the makers were solvent and accordingly these affiliated corporations were entitled to include them in invested capital at their

face value, at which they were entered in the corporate books. Petitioner cites *Hewitt Rubber Co.*, 1 B. T. A. 424, and other decisions of the Board in which promissory notes given for stock were permitted to be included in invested capital. However, in all these cases the transactions were ones in good faith of interest-bearing, merchantable notes, paid in for shares, where the parties to the transactions understood that the notes received would be discounted, or enforced by the corporation, when due, and represented upon receipt assets of the corporations the values of which would be realized upon without regard to interests other than those of the holders.

We have had occasion in several instances to pass upon the propriety of the inclusion in invested capital of noninterest-bearing notes given in exchange for stock. In *Ready Auto Supply Co.*, 2 B. T. A. 730, and *Henderson Overland Co.*, 4 B. T. A. 1088, we held that such notes could not be included in invested capital of the corporations receiving them. In *Coon Auto Co.*, 8 B. T. A. 763, a case similar in essential features to the one now before us and in which, as in the present one, it was insisted by the petitioner that the acceptance of promissory notes for stock was permitted by the state law applicable and that this .fact coupled with the fact of· financial solvency of the makers of the notes was decisive of the issue as to the propriety of their inclusion in invested capital, we said:

The fact that a South Dakota corporation may issue shares of stock upon the basis of notes given by the stockholders in payment therefor, is not decisive of the issue in the case at bar. The question is whether the notes were bona fide paid in for shares of stock. The evidence shows that the makers of the notes were responsible for their payment; also that the notes were used in some instances as security in the borrowing of money. The notes were noninterest-bearing and the evidence does not show what their discounted value might be at the date received by the corporation. The evidence also shows that when the notes matured they were not paid, but were renewed by other noninterest-bearing notes running for a period of five years, and that these notes were never paid. We think that this negatives the idea that they were bona fide paid into the corporation within the meaning of the statute. Although the corporation was in need of money and had to borrow from the bank, it did not discount the notes at the bank but at the most used them as a basis for credit. The action of the respondent in excluding the face value of the notes from invested capital is approved.

In the case before us it is insisted that the makers of the notes were solvent. We are not satisfied from the evidence that this was a fact but even were it true, such condition, in view of the fact that no demand for payment was made by the corporation, although it needed money and was borrowing money from the bank upon which it paid interest while the notes were paying none, and that it merely used the notes for the purpose of increasing its apparent net assets for

credit purposes, merely strengthens the impression that the notes were given and received with the understanding that payment would not be enforced by petitioner. Under the circumstances shown we think that the exercise of such forbearance was understood and agreed upon at the time the notes were given and it was intended that the makers should only make payments upon them voluntarily at such times as suited their convenience, and we hold that the action of respondent in including in the consolidated invested capital of these affiliated corporations only the amounts actually paid upon these notes, and from the dates on which such payments were made, was correct and proper.

In respect to the alternative issue of the failure of respondent, upon his elimination from invested capital of all amounts representing the Ford contract and the notes in question, to compute the tax under sections 327 and 328 of the Revenue Acts of 1918 and 1921, it is noted that counsel for petitioner in his opening statement at the hearing, by limiting the controversy to the two issues heretofore discussed, implies that such issue is withdrawn. There was no proof upon the hearing directed specifically to this issue and it is not discussed or mentioned in petitioner's brief. It may, however, be said that the proof introduced upon the other issues does not indicate an abnormality of capital or income, in the taxable years in question entitling the petitioner to such relief.

It is agreed and stipulated by the parties that petitioner is entitled to certain deductions for the taxable years as set out in the findings and representing interest payments made on delinquent prior years' taxes. The deficiency should be corrected by allowance of these deductions.

*Judgment will be entered pursuant to Rule 50.*